**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 11, 2008[1]
Decided August 27, 2008

*Before*

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 07-3050

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| *v.* | No. 04 CR 10040 |
| RICHARD TAYLOR, | Michael M. Mihm, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

This case is before us for the second time. The first time it was before us, we vacated a jury's special finding regarding drug quantity on the basis that the jury had been allowed to rely on inadmissible hearsay evidence. *United States v. Taylor*, 471 F.3d 832 (7th Cir. 2006). As a result, we vacated Richard Taylor's sentence and remanded to the district court for resentencing. On remand, the district court found Taylor responsible for at least 801 marijuana plants. Taylor now argues that the district court's

---

[1] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

drug quantity determination is clearly erroneous because the district court relied on the same evidence improperly considered by the jury. Because district courts are allowed to consider reliable hearsay evidence for sentencing purposes, and because the district court's finding was based on reliable evidence, we conclude that the district court did not err and affirm Taylor's sentence.

## I. BACKGROUND

A jury found Taylor guilty of manufacturing and possessing with the intent to manufacture more than 1000 marijuana plants. At trial, Detective John Atteberry and Detective Kenneth Bays testified about the quantity of marijuana plants and concluded that 1417 plants were found in Taylor's yard.

On appeal, we held that the trial court committed error by allowing Detectives Atteberry and Bays to testify about the total number of plants counted because neither had counted 1417 plants alone. Rather, the two detectives, along with Detective Tim McCoy, had divided the plants seized from Taylor's residence and conducted individual counts. Detective Bays then added up each detective's count, which resulted in a total of 1417 plants. Because Detective McCoy did not testify at trial, we held that by allowing Detectives Atteberry and Bays to testify regarding the total number of plants, the district court improperly admitted McCoy's out-of-court statements to prove Taylor was responsible for more than 1000 marijuana plants. The government presented photographs of the plants growing in Taylor's home as well as the actual plants themselves[2] but without the testimony of the detectives, the other evidence regarding the number of plants was not sufficient to establish that more than 1000 plants were found at Taylor's home.

On remand, the district court found that Taylor should be held accountable for "at least 801 plants" and sentenced him to sixty-six months' imprisonment and four years of supervised release.

## II. ANALYSIS

Taylor's sole argument on appeal is that the district court erred in finding him responsible for at least 801 marijuana plants. We review the district court's findings as to drug quantity for clear error. *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007).

In reaching its determination, the district court relied on "the evidence that was submitted at the trial, the pictures, the DVD of the plants growing and the testimony of

---

[2] As we noted before, however, the plants were not in their original form but were displayed with their leaves separated from their stalks.

the two officers." The district court also noted that it could consider hearsay evidence for the purposes of sentencing and that it found the evidence presented at trial to be "quite credible."

There is ample evidence in the record to support the district court's finding. Detectives Bays and Atteberry testified that they, along with Detective McCoy, counted a total of 1417 plants, and the district court found this to be credible testimony. Nevertheless, the district court (believing itself to be constrained by our previous opinion) found Taylor to be responsible for considerably less, determining he should be held responsible for "at least" 801 plants. The district court reached this number by calculating the minimum number of plants necessary to impose a certain sentence and then added one. Although Taylor contends that this method of calculation is suspect, he does not demonstrate that the determination is erroneous. *Cf. United States v. Acosta*, 534 F.3d 574, 582 (7th Cir. 2008) ("Drug quantity for purposes of determining the applicable sentencing guideline may be established by the use of reasonable estimates."). Indeed, based on the testimony of the detectives, the district court could have found Taylor responsible for as many as 1417 plants but erred on the side of understating, rather than overstating, the drug quantity attributable to Taylor.

Taylor also argues that the district court improperly relied on the same evidentiary basis (i.e., the pictures, the DVD of the plants growing, and the testimony of the two detectives) that we held legally inadequate to support the jury's finding that Taylor was accountable for more than 1000 plants. Although it was error for the jury to consider this testimony, "judges are allowed to rely on hearsay evidence during sentencing so long as that evidence is reliable and the defendant is afforded a reasonable opportunity for rebuttal." *United States v. Omole*, 523 F.3d 691, 701-02 (7th Cir. 2008). Taylor does not provide any reason why the evidence considered by the district court was unreliable. Therefore the district court's finding was not clearly erroneous.

## III. CONCLUSION

The sentence is AFFIRMED.